IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETAO HUANG, an individual, | Case No.: 1:22-cv-2928 |
| Plaintiff, | |
| v. | |
| GELAB COSMETICS LLC, a New Jersey Limited Liability Company; SHIJIAN LI, an individual; XINGWANG CHEN, an individual; and BEETLES GEL POLISH, an Amazon online store, | |
| Defendants. | |

## PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff DETAO HUANG (hereafter referred to as the "Plaintiff"), by and through its undersigned attorney, hereby prays to this honorable Court for relief and remedy based on the following:

### INTRODUCTION

1. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's intellectual property rights by offering for sale and or selling unauthorized products, including cosmetic products bearing works and designs that are derived from Plaintiff's copyrighted artwork.

2. Defendant Gelab Cosmetics LLC (hereafter referred to as the "Gelab") and its members SHIJIAN LI and XINGWANG CHEN (hereafter referred to as the "Member" or

1

"Members") creates a website and a fully interactive, commercial internet store named BEETLES GEL POLISH (hereafter referred to as the "online store" or "Beetles") under an online marketplace account and designs them to appear to be offering for sale and/or selling unauthorized and infringing products to unknowing consumers and the general public. The Gelab, Members, and Beetles are collectively referred to as the "Defendants" hereafter. Plaintiff and Defendants are collectively referred to as the "Parties" hereafter.

3. Defendants refuses to stop using the copyrighted artwork without Plaintiff's authorization. Plaintiff is forced to file this action to fight Defendant's unlawful use of Plaintiff's copyrighted artwork.

4. Plaintiff has been and continues to be harmed through the copyright infringements as the direct result of Defendants' unlawful actions and therefore seeks injunctive and monetary relief from this Court.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Defendant directly targets customers in the United States by establishing and operating an Amazon online store and a website. Particularly, through this store and the website Defendants are reaching out to Illinois residents to sell products bearing infringing versions of Plaintiff's copyrighted work, receive payment electronically, and offer shipping the infringing products. As a result, Defendants' infringing offenses have wrongfully caused Plaintiff's substantial damage in the State of Illinois.

8. This Court has personal jurisdiction over Defendants because Defendants have conducted significant business in this judicial district of Illinois and the events giving rise to this lawsuit were undertaken in this judicial district of Illinois.

## PARTIES

9. Plaintiff is an artist and has resided in China. Plaintiff created the unique two-dimensional Nail Poish artwork (hereafter referred to as the "artwork" or "copyrighted artwork") in 2017 and published it the same year through a popular social media platform in China.

10. Upon information and belief, on or about the date when the artwork was created Defendants Members had connected with Plaintiff on the social media platform either directly or by people who knew both Plaintiff and the Members.

11. Upon information and belief, at least one Member has an address in China.

12. Upon information and belief, the Members established Gelab in the State of New Jersy on or about July 5, 2017, which has conducted business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of Beetles, a fully interactive and commercial online store at amazon.com. On or about August 1, 2018 Defendants target the United States, including Illinois and this Judicial District, and have offered to sell and, on information and belief, have sold and continue to sell cosmetic products infringing Plaintiff's copyright to consumers within the United States, including the State of Illinois and this Judicial District.

## PLAINTIFF'S ARTWORK AND DEFENDANTS' UNLAWFUL CONDUCTS

13. Plaintiff conducts design and plan business for E-commerce vendors and has developed and owned the artwork. A true and correct copy of the certified artwork is attached hereto as Exhibit 1.

14. The artwork constitutes original work and copyrightable subject matter.

15. Plaintiff applied for copyright registration for the artwork from the United States Copyright Office, which granted Registration VA 2-255-0138 effective on February 18, 2021. A true and correct copy of the registration is attached hereto as Exhibit 2.

| Registration # | Work | Title of Work |
| --- | --- | --- |
| VA 2-255-138 | | Nail poish |

16. Plaintiff has neither authorized Defendants to reproduce, adapt, or distribute the copyrighted artwork nor licensed or assigned the artwork to Defendants.

17. Without Plaintiff's authorization, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works and designs incorporating the artwork on Defendants' online store and their cosmetic products. Defendants' derivative works and designs are virtually identical to the copyright artwork. A true and correct copy of Defendants' Amazon webpages featuring its products bearing the infringing designs is attached hereto as Exhibit 3.

18. Defendants have directly targeted business activities toward consumers in the United States, including Illinois and this district, through their Amazon online store.

4

Specifically, Defendants have targeted sales to residents in Illinois and this district through the Amazon online store that sells and ships their cosmetic products featuring infringing works and designs to these residents. A true and correct copy of Defendants' infringing cosmetic products sold to Illinois residents is attached hereto as Exhibit 4.

19. Plaintiff is informed and believes and thereon alleges that Defendants, had access to the artwork, including without limitation, through: (a) access to Plaintiff's website, social media, or publication platform; (b) access to authorized or unauthorized reproductions in the possession of others; and/or (c) access to Plaintiff's samples.

20. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed cosmetic products featuring a design identical to the artwork.

21. Plaintiff is informed and believes and thereon alleges that Defendants owned and controlled the online Amazon store and Defendants' cosmetic products bearing the infringing design have been manufactured, imported to the United States, and offered for sale under the direction of Defendants.

22. None of the aforementioned transactions has been authorized by Plaintiff, and all have been in violation of Plaintiff's copyright.

23. Plaintiff has demanded Defendants to stop the infringements immediately, but to no avail.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.

25. At all relevant times, Plaintiff has been the owner and claimant of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted artwork and its derivative works. The artwork is the subject of valid Certificate of Registration issued by the United States Copyright Office.

26. Plaintiff is informed and believes and thereon alleges that Defendants, accessed the artwork through, without limitation, the following: (a) access to Plaintiff's website, social media, or publication platform; (b) access to authorized or unauthorized reproductions in the possession of others; and/or (c) access to Plaintiff's samples.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the copyrighted artwork and by importing, producing, distributing and/or selling infringing cosmetic products featuring the copyrighted artwork as alleged herein above.

28. Defendant, without Plaintiff's permission and consent, has sold and continues to sell through its online store infringing cosmetic products featuring the copyrighted artwork as alleged herein above. Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution on the copyrighted artwork. Defendant's actions constitute infringement of Plaintiffs' exclusive rights protected under the Copyright Act.

29. Due to Defendant's acts of infringement, Plaintiff has suffered substantial damages and lost profits to its business.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for its infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of

Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that Defendant, has committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

32. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or sales of cosmetic products featuring the copyrighted artwork as alleged herein above.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had right and ability to supervise the infringing conduct and had a direct financial interest in the infringing products.

35. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages and profit loss to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

36. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

38. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of cosmetic products featuring the copyright artwork as alleged herein above.

40. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages and profit loss to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

41. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)      That Defendants, their agents, servants, employees, officers, attorneys, affiliates, and all persons acting for, with, by, through, or under them be enjoined from infringing Plaintiff's copyright in any manner;

2)      That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper under the Copyright Act, 17 U.S.C. § 101 et seq.;

3)      That Plaintiff be awarded reasonable attorney's fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

4)      That Plaintiff be awarded costs of litigation; and

5)      That Plaintiff be awarded for any other and further relief as this Court deems just and proper.

DATED:    June 3, 2022

Respectfully submitted,

DETAO HUANG, Plaintiff

By:    */s/Jingfeng Song*
        Jingfeng Song
        Counsel for Plaintiff

Jingfeng Song (Atty. No.: 6308162)
SciNova IP and Regulatory
Consulting LLC
840 S Northwest Hwy Suite 204
Barrington, IL 60010
Telephone: (224) 619-9822
Facsimile: (847) 906-8586
Email: scinovallc@gmail.com