**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DETAO HUANG, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-02928 |
| | ) | |
| GELAB COSMETICS LLC, a New Jersey | ) | |
| Limited Liability Company; SHIJIAN LI, an | ) | |
| individual; XINGWANG CHEN, an | ) | |
| individual; and BEETLES GEL POLISH, an | ) | |
| Amazon online store, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GELAB COSMETICS LLC'S RESPONSE TO PLAINTIFF'S
COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND GELAB COSMETICS LLC'S COUNTERCLAIMS**

Defendant GeLab Cosmetics LLC ("GeLab" or "Defendant GeLab"), by and through its

attorneys, Huang & Hu PC, hereby responds to Plaintiff's Complaint for Copyright Infringement

(the "Complaint") as follows:

*1.     This action has been filed by Plaintiff to combat online copyright infringers who
trade upon Plaintiff's intellectual property rights by offering for sale and or selling unauthorized
products, including cosmetic products bearing works and designs that are derived from Plaintiff's
copyrighted artwork.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*2.     Defendant Gelab Cosmetics LLC (hereafter referred to as the "Gelab") and its
members SHIJIAN LI and XINGWANG CHEN (hereafter referred to as the "Member" or
"Members") creates a website and a fully interactive, commercial internet store named BEETLES
GEL POLISH (hereafter referred to as the "online store" or "Beetles") under an online
marketplace account and designs them to appear to be offering for sale and/or selling
unauthorized and infringing products to unknowing consumers and the general public. The Gelab,
Members, and Beetles are collectively referred to as the "Defendants" hereafter. Plaintiff and
Defendants are collectively referred to as the "Parties" hereafter.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except (i) admits that Defendant Shijian Li ("Defendant Li") and Defendant Xingwang Chen ("Defendant Chen") are two of the members of GeLab, and (ii) that the members of GeLab established an Amazon.com store named "Beetles Gel Polish" on behalf of GeLab and an Amazon.uk store named "Beetles Gel Polish" on behalf of GeLab's predecessor entity. Answering further, GeLab states that (iii) Defendant "Beetles Gel Polish, an Amazon online store" is not a separate legal entity and is therefore not a proper defendant; (iv) without the consent of the other members of GeLab, Defendant Chen created a sales website purportedly on behalf of GeLab at www.beetlesgel.com; and (v) without the consent of the other members of GeLab, who own 90% of the company, Defendant Chen currently controls the sales of GeLab's Amazon stores and the website www.beetlesgel.com. The last sentence of this paragraph states Plaintiff's definitions, which requires no response.

3.      *Defendants refuses to stop using the copyrighted artwork without Plaintiff's authorization. Plaintiff is forced to file this action to fight Defendant's unlawful use of Plaintiff's copyrighted artwork*.

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

4.      *Plaintiff has been and continues to be harmed through the copyright infringements as the direct result of Defendants' unlawful actions and therefore seeks injunctive and monetary relief from this Court.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except admits that the Complaint states that Plaintiff seeks injunctive and monetary relief.

5.      *This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.*

**RESPONSE**: Admitted.

6.      *This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b).*

**RESPONSE**: Admitted.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because this is the *judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Defendant directly targets customers in the United States by establishing and operating an Amazon online store and a website. Particularly, through this store and the website Defendants are reaching out to Illinois residents to sell products bearing infringing versions of Plaintiff's copyrighted work, receive payment electronically, and offer shipping the infringing products. As a result, Defendants' infringing offenses have wrongfully caused Plaintiff's substantial damage in the State of Illinois.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except admits that, (i) venue is proper in this Court; (ii) GeLab established and operated an online Amazon.com "store" and a website that offered to sell and ship products to customers in the United States and in Illinois, and to receive payment electronically; and (iii) Defendant Chen (but not Defendant Li or GeLab) presently operates Amazon online stores and a website at www.beetlesgel.com, purportedly on behalf of Defendant GeLab, but without GeLab's current authorization to do so.

8.     *This Court has personal jurisdiction over Defendants because Defendants have conducted significant business in this judicial district of Illinois and the events giving rise to this lawsuit were undertaken in this judicial district of Illinois.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except admits that (i) the Court has personal jurisdiction over GeLab and Defendant Li, and (ii) that the Court has personal jurisdiction over Defendant Chen because of his relationship with Plaintiff, who has brought this lawsuit at his direction and as his agent, as more fully stated in GeLab's accompanying counterclaim.

9.     *Plaintiff is an artist and has resided in China. Plaintiff created the unique two-dimensional Nail Poish [sic] artwork (hereafter referred to as the "artwork" or "copyrighted artwork") in 2017 and published it the same year through a popular social media platform in China.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph, excepts (i) lacks knowledge sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff is an artist, and (ii) admits that Plaintiff has resided in China.

*10.    Upon information and belief, on or about the date when the artwork was created Defendants Members had connected with Plaintiff on the social media platform either directly or by people who knew both Plaintiff and the Members.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph with respect to Defendant Li and Defendant GeLab, and lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as to Defendant Chen.

*11.    Upon information and belief, at least one Member has an address in China.*

**RESPONSE**: Admitted.

*12.    Upon information and belief, the Members established Gelab in the State of New Jersey on or about July 5, 2017, which has conducted business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of Beetles, a fully interactive and commercial online store at amazon.com. On or about August 1, 2018 Defendants target the United States, including Illinois and this Judicial District, and have offered to sell and, on information and belief, have sold and continue to sell cosmetic products infringing Plaintiff's copyright to consumers within the United States, including the State of Illinois and this Judicial District.*

**RESPONSE**:  Defendant GeLab denies the allegations in this paragraph, except (i) admits that GeLab was established in New Jersey on or about July 5, 2017, and (ii) GeLab or its predecessor entities have sold cosmetic products throughout the United States, including through Amazon.com, both before and after August 1, 2018; and (iii) lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation concerning a "fully interactive and commercial online store," as such terms are vague and undefined.

*13.    Plaintiff conducts design and plan business for E-commerce vendors and has developed and owned the artwork. A true and correct copy of the certified artwork is attached hereto as Exhibit 1.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph, except (i) lacks knowledge sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff "conducts design and plan business for E-commerce vendors," and (ii) admits that Exhibit 1 to the Complaint appears to be a certification from the Office of Copyright Records that the Artwork is

deposited in the Copyright Office with a claim of copyright under number VA 2-255-138.

14.    *The artwork constitutes original work and copyrightable subject matter.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph, except (i) admits that the artwork could constitute original work and copyrightable subject matter with regard to its creator, and (ii) denies the implication that Plaintiff created the Artwork or was entitled to register its copyright.

15.    *Plaintiff applied for copyright registration for the artwork from the United States Copyright Office, which granted Registration VA 2-255-0138 effective on February 18, 2021. A true and correct copy of the registration is attached hereto as Exhibit 2.*

| Registration # | Work | Title of Work |
|---|---|---|
| VA 2-255-138 |  | Nail poish |

**RESPONSE**:  Defendant GeLab lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, except admits that Exhibit 2 appears to show a copy of a Certification of Registration from the United States Copyright Office issued to an individual named Detao Huang.

16.    *Plaintiff has neither authorized Defendants to reproduce, adapt, or distribute the copyrighted artwork nor licensed or assigned the artwork to Defendants.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph, except (i) admits that there is no agreement or arrangement of any sort between Plaintiff and GeLab or Defendant Li, and (ii) incorporates the allegations of GeLab's affirmative defenses and counterclaims with regard to the arrangement between Plaintiff and Defendant Chen.

17.     Without Plaintiff's authorization, or any right under the law, Defendants have *deliberately copied, displayed, distributed, reproduced and/or made derivative works and designs incorporating the artwork on Defendants' online store and their cosmetic products. Defendants' derivative works and designs are virtually identical to the copyright artwork. A true and correct copy of Defendants' Amazon webpages featuring its products bearing the infringing designs is attached hereto as Exhibit 3.*

**RESPONSE**: Defendant GeLab  denies the allegations in this paragraph, including the

implication that Defendant Li or GeLab has or had any obligation to seek authorization from

Plaintiff to use the Artwork, except GeLab admits that Exhibit 3 appears to be a true and correct

copy of the Amazon webpage that is currently operated by Defendant Chen, without authorization

by GeLab.

18.     *Defendants have directly targeted business activities toward consumers in the United States, including Illinois and this district, through their Amazon online store. Specifically, Defendants have targeted sales to residents in Illinois and this district through the Amazon online store that sells and ships their cosmetic products featuring infringing works and designs to these residents. A true and correct copy of Defendants' infringing cosmetic products sold to Illinois residents is attached hereto as Exhibit 4.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, except (i) admits

that GeLab has sold cosmetic products throughout the United States, including through

Amazon.com, and (ii) admits that Exhibit 4 appears to be a photograph of a product that appears

to be similar to those that have been sold by GeLab.

19.     *Plaintiff is informed and believes and thereon alleges that Defendants, had access to the artwork, including without limitation, through: (a) access to Plaintiff's website, social media, or publication platform; (b) access to authorized or unauthorized reproductions in the possession of others; and/or (c) access to Plaintiff's samples.*

**RESPONSE**:  Defendant GeLab denies the allegations in this paragraph.

20.     *Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed cosmetic products featuring a design identical to the artwork.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, including the

implication that GeLab has or had any obligation to seek authorization from Plaintiff to sell, market, advertise, manufacture, cause to be manufacture, import and/or distribute products featuring the Artwork, except admits that (i) before Defendant Chen wrongfully seized control of GeLab's online sales from GeLab's owners, GeLab sold cosmetic products throughout the United States featuring a design that it was authorized to use that appears to be identical to the Artwork, and (ii) Defendant Chen has caused his online "store," while operating without authorization as GeLab, to sell products featuring a design that appears to be identical to the Artwork, but which Defendant Chen was not authorized to use.

21. *Plaintiff is informed and believes and thereon alleges that Defendants owned and controlled the online Amazon store and Defendants' cosmetic products bearing the infringing design have been manufactured, imported to the United States, and offered for sale under the direction of Defendants.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, including the implication that Plaintiff holds a valid copyright for the Artwork, except (i) admits that GeLab's members established and operated an Amazon.com and Amazon.uk store, and (ii) that products featuring a design that appears to be identical to the Artwork have been offered for sale by GeLab. Answering further, Defendant GeLab states that that Defendant Chen (but not Defendant Li) presently controls the Amazon online stores and www.beetlesgel.com website, purportedly on behalf of GeLab, but without its authorization.

22. *None of the aforementioned transactions has been authorized by Plaintiff, and all have been in violation of Plaintiff's copyright.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, including the implication that Plaintiff held a valid copyright for the Artwork, or that GeLab has or had any obligation to seek authorization from Plaintiff to engage in any transactions whatsoever, except admits that Plaintiff has never "authorized" any transactions by GeLab.

23.     *Plaintiff has demanded Defendants to stop the infringements immediately, but to no avail.*

**RESPONSE**:  Defendant GeLab denies the allegations in this paragraph.

## COUNT I
## COPYRIGHT INFRINGEMENT

24.     *Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.*

**RESPONSE**: Defendant GeLab repeats and incorporates by reference his responses to

paragraphs 1 through 23.

25.     *At all relevant times, Plaintiff has been the owner and claimant of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted artwork and its derivative works. The artwork is the subject of valid Certificate of Registration issued by the United States Copyright Office.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, except admits

that the Exhibits 1 and 2 to the Complaint appear to show that an individual named Detao Huang

was granted a Certificate of Registration by the United States Copyright Office.

26.     *Plaintiff is informed and believes and thereon alleges that Defendants, accessed the artwork through, without limitation, the following: (a) access to Plaintiff's website, social media, or publication platform; (b) access to authorized or unauthorized reproductions in the possession of others; and/or (c) access to Plaintiff's samples.*

**RESPONSE**:  Defendant GeLab  denies the allegations in this paragraph.

27.     *Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the copyrighted artwork and by importing, producing, distributing and/or selling infringing cosmetic products featuring the copyrighted artwork as alleged herein above.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph

28.     *Defendant, without Plaintiff's permission and consent, has sold and continues to sell through its online store infringing cosmetic products featuring the copyrighted artwork as alleged herein above. Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution on the copyrighted artwork. Defendant's actions constitute infringement of Plaintiffs' exclusive rights protected under the Copyright Act.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, including the implication that GeLab has or had any obligation to seek "permission [or] consent" from Plaintiff to sell any products, except (i) admits that GeLab has sold in the past, and the Amazon stores and www.beetlesgel.com website currently controlled by Chen are presently selling, cosmetic products throughout the United States featuring a design that appears to be identical to the Artwork, and (ii) affirmatively states that GeLab is authorized to use that design and Defendant Chen is not authorized to use that design.

*29.    Due to Defendant's acts of infringement, Plaintiff has suffered substantial damages and lost profits to its business.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph.

*30.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for its infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph.

*31.    Plaintiff is informed and believes and thereon alleges that Defendant, has committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph.

**COUNT II**
**VICARIOUS COPYRIGHT INFRINGEMENT**

*32.    Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.*

**RESPONSE**: Defendant GeLab repeats and incorporates by reference his responses to paragraphs 1-23 of the Complaint.

*33.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the*

*illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or sales of cosmetic products featuring the copyrighted artwork as alleged herein above.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph.

*34.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had right and ability to supervise the infringing conduct and had a direct financial interest in the infringing products.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph.

*35.     By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages and profit loss to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph.

*36.     Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph.

*37.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.*

**RESPONSE**:  Defendant GeLab denies the allegations of this paragraph.

## <u>COUNT III</u>
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

*38.     Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.*

**RESPONSE**:  Defendant GeLab repeats and incorporates by reference his responses to

Paragraphs 1 through 23.

*39.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of cosmetic products featuring the copyright artwork as alleged herein above.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

40.     By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages and profit loss to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

41.     Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

42.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*Prayer for Relief*

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That Defendants, their agents, servants, employees, officers, attorneys, affiliates, and all persons acting for, with, by, through, or under them be enjoined from infringing Plaintiff's copyright in any manner;

2)     That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper under the Copyright Act, 17 U.S.C. § 101 et seq.;

3)     That Plaintiff be awarded reasonable attorney's fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

4)     That Plaintiff be awarded costs of litigation; and

5)     That Plaintiff be awarded for any other and further relief as this Court deems just and proper.

**RESPONSE**: Defendant GeLab admits that Plaintiff seeks the relief stated in this paragraph but denies that Plaintiff is entitled to such relief.

## AFFIRMATIVE AND OTHER DEFENSES AS TO ALL CLAIMS

1.      Plaintiff's claims are barred because Plaintiff is not and has never been the owner of the Artwork or the associated copyright. To bring a claim for copyright infringement, a plaintiff must show ownership of a valid copyright. Under 17 U.S.C. § 201, ownership vests initially in the author or authors of the work, who can then convey that ownership to others. Plaintiff neither created the Artwork nor was ownership of the copyright transferred to him. Instead, the artwork was created by a professional designer who was hired to produce the Artwork by Zhuhai Abgel Cosmetics Co., Ltd. ("Zhuhai"), a company whose members owned and continue to own the majority of GeLab. That designer transferred ownership and intellectual property rights in the Artwork to Zhuhai pursuant to § 201(d), and Zhuhai authorized GeLab, to the extent it is under the control of Zhuhai, to use the Artwork.  It did not authorize Defendant Chen to sell products in GeLab's name using the Artwork, or otherwise.

2.      Plaintiff's claims are barred because to qualify for copyright protection, a work must be original to the author. 17 U.S.C. § 102. The Artwork is not original to Plaintiff. Instead, Plaintiff has copied it from the true author of the Artwork, a professional designer.

3.      Plaintiff's claims are barred under 17 U.S.C. § 411(b) because his certificate of registration is invalid and does not entitle him to bring a civil action for infringement. Section 411(b) states that a certificate of registration may serve as a basis for an action for infringement, regardless of whether the certificate contains any inaccurate information, "unless (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." Here, Plaintiff (1) incorrectly stated that he was the author of the Artwork on his application for copyright registration, even though he knew he was

not the author; and (2) such inaccuracy, if known, would have caused the Register of Copyrights to refuse registration.

4.      Plaintiff's claims are barred by unclean hands as a result of misrepresentations and false statements made to, and concealments from, the Register of Copyrights, including that Plaintiff incorrectly stated that he was the author of the Artwork on his application for copyright registration.

5.      Plaintiff's claims are barred because Plaintiff lacks standing to sue for copyright infringement. Because Plaintiff is not and has never been the owner of the copyright, he cannot show injury-in-fact due to others' use of the copyrighted work.

WHEREFORE, Defendant GeLab Cosmetics LLC prays for judgment in its favor on all counts, for attorneys' fees and costs herein, and for other and further relief as is just and proper.

## COUNTERCLAIMS

Defendant GeLab Cosmetics LLC, for its Counterclaim against Plaintiff Detao Huang states as follows:

### JURISDICTION AND VENUE

1.      Counterclaimant GeLab Cosmetics LLC ("Counterclaimant GeLab" or "GeLab") brings its Counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* They are part of the same case and controversy as Plaintiff's claims brought pursuant to federal copyright law, and, therefore, are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this Court under 28 U.S.C. §1391(b) because Plaintiff has appeared in this district to file his Complaint, and this is the district where Plaintiff alleges a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

3.      Plaintiff Detao Huang ("Plaintiff Huang") is, on information and belief, an individual residing in Guangzhou City, Guangdong Province, China.

4.      Defendant Shijian Li is an individual residing in Short Hills, New Jersey, and a member of Counterclaimant GeLab Cosmetics, LLC.

5.      Defendant Xingwang Chen ("Defendant Chen") is, on information and belief, an individual residing in Guangzhou City, Guangdong Province, China, and a member of Counterclaimant GeLab Cosmetics, LLC.

6.      Counterclaimant GeLab Cosmetics, LLC ("GeLab") is a limited liability company established under the laws of New Jersey. The members of GeLab are Defendant Chen, Defendant Li, and Zhuhai Abgel Cosmetics Co., Ltd. ("Zhuhai") (through its three members residing in China). Zhuhai is a company in the business of manufacturing and distributing nail polish products. Defendant Li has been authorized by the owners of GeLab to manage its American marketing and legal activities.

## FACTS

7.      Plaintiff Huang did not create the artwork (the "Artwork") at issue in this lawsuit. He did not create the Artwork that he copyrighted.

8.      Plaintiff Huang has no ownership interests in the Artwork.

9.      Plaintiff Huang registered a copyright in the Artwork at the direction of his cousin, Defendant Chen.

10.     On information and belief, Plaintiff Huang is not an artist, nor does he conduct design work for e-commerce vendors. Instead, Plaintiff Huang is Defendant Chen's cousin and has been employed by Defendant Chen as his driver/chauffeur.

11.     Plaintiff Huang also has interests in several business entities in China controlled by Defendant Chen.

12.     On information and belief, Plaintiff Huang filed this lawsuit at the direction of Defendant Chen to further Defendant Chen's objective of wresting control of the GeLab nail polish business and its profits from its rightful owners, who include Defendant Li and the owners of Zhuhai.

13.     Defendant Chen is a party to litigation currently pending in the state court in New Jersey over the ownership of GeLab (the "New Jersey Litigation"). The New Jersey Litigation consists of the following cases filed by Defendant Chen in the Superior Court of New Jersey, Law Division, Essex County: *Xingwang Chen v. Zhuhai Abgel Cosmetics Co., Ltd., et al*. ("*Chen v. Zhuhai*"), ESX-L-001435-21 (filed Feb. 22, 2021); and *GeLab Cosmetics LLC v. Shijian Li* ("*GeLab v. Li*"), ESX-L-007618-21 (filed Oct. 12, 2021).

14.     Defendant Chen and Defendant Li are on opposing sides of the New Jersey Litigation. Defendant Chen seeks to establish that he owns and controls GeLab, which has a valuable business selling nail polish, primarily via Amazon.com and www.beetlesgel.com.  In the New Jersey Litigation, Defendant Chen seeks a declaration expelling Defendant Li as a member of GeLab. He also seeks declarations excluding any ownership interests by Defendant Li and the owners of Zhuhai. He alleges that Zhuhai is only GeLab's Chinese supplier of products.

15.     Starting in 2021, Defendant Chen, without authority from GeLab's other members, took control of GeLab's online sales, including the sale of products featuring the Artwork.

16.     In the New Jersey Litigation, Defendant Li, along with the owners of Zhuhai, seeks a declaration that Defendant Chen holds only a 10% membership interest in GeLab. They also

seek the return of all profits that Defendant Chen has wrongfully obtained from GeLab's online sales under his unauthorized direction.

17.    Zhuhai is a company based in China that manufactures and distributes nail polish and gel products. In 2016, Zhuhai hired Defendant Chen as a full-time salaried employee. His job responsibilities included various tasks related to developing and expanding Zhuhai's global business, including business in the United States.

18.    Zhuhai assigned Defendant Chen to work with Defendant Li to establish a limited liability company in New Jersey for Zhuhai, which would sell Zhuhai's gel nail polish brand and promote its private label business. That company, established in July 2017, was initially named Annie Cosmetics, LLC ("Annie"). Annie later changed its name to GeLab Cosmetics LLC.

19.    In mid-2017, Zhuhai assigned Defendant Chen to procure a logo for one of Zhuhai's nail polish products, Beetles Gel Polish, which Zhuhai intended to sell through Annie (now known as GeLab).

20.    Through Defendant Chen, Zhuhai hired a professional designer in China to create the logo for Beetles Gel Polish. The designer agreed to, and did, create the logo in July and August 2017. The designer was not Plaintiff Huang.

21.    In or around August 2017, Defendant Chen paid for the logo on behalf of Zhuhai, with funds provided by Zhuhai, and the designer concurrently transferred ownership of the logo and all associated copyright interests to Zhuhai.

22.    The following image is a copy of the final version of the logo that Zhuhai purchased from the professional designer for its Beetles Gel Polish product:



23.     The logo that the professional designer created and that Zhuhai purchased by way of Defendant Chen is the Artwork at issue in this case.

24.     Plaintiff Huang did not create the Artwork and had no role in the development of the Artwork. Nor were any ownership interests in the Artwork transferred to Plaintiff Huang at any point.

25.     Despite being neither the author nor the owner of the Artwork, Plaintiff Huang applied in February 2021 to register both the copyright at issue in this litigation and a trademark in the image of the Artwork.

26.     The attorney listed on Plaintiff Huang's trademark application, Wei Yang, is associated with the same American law firm, Glacier Law, as the attorney representing Defendant Chen in the New Jersey Litigation.

27.     On information and belief, in addition to the copyright registration at issue in this lawsuit, Wei Yang of Glacier Law, together with another attorney from Glacier Law, filed a large number of trademark registrations on behalf of GeLab under the direction of Defendant Chen, but

without the authorization of GeLab, as part of an apparent strategy to gain control via copyright and trademark registrations of valuable rights of GeLab and its owners.

28.     Further connecting that strategy to this lawsuit, the individual listed as the "correspondent" on Plaintiff Huang's copyright application provides exactly the same address as provided by Wei Yang of Glacier Law on many of the trademark applications she submitted on behalf of GeLab.  A "correspondent" receives all communications concerning a copyright application or registration form and is required to be either the author or owner of a copyright, or the duly authorized agent of the author or owner.

29.     On information and belief, Plaintiff Huang, at the direction of Defendant Chen, has brought this meritless lawsuit for copyright infringement against Defendant Li and GeLab to further Defendant Chen's efforts in the New Jersey Litigation, and as part of his scheme to seize GeLab's profits through Plaintiff Huang's bogus copyright claim in the event that Defendant Chen does not prevail in the New Jersey Litigation.

## COUNTERCLAIM COUNT I
### Declaratory Judgment of Invalidity of Copyright and Fraud on the Copyright Office

30.     Counterclaimant GeLab realleges paragraphs 1-30 above.

31.     Plaintiff Huang alleges he is the owner of Copyright Registration VA 2-255-0138 for 2-D artwork titled "Nail poish," effective February 18, 2021.

32.     The copy of Certificate of Registration VA 2-255-0138 attached to Plaintiff's Complaint states that Huang Detao is the author of the 2-D artwork titled "Nail poish."

33.     Plaintiff Huang is not the true and original author of the 2-D artwork.

34.     The true and original author of the 2-D artwork is the professional designer who transferred ownership of the Artwork and all associated intellectual property interests to Zhuhai on or around August 2017.

35.     Since in or around August 2017, Zhuhai has been and remains the owner of the Artwork and all associated intellectual property interests. Zhuhai has authorized GeLab to use the Artwork in connection with the sale of its products in the United States. While Defendant Chen purports to operate "GeLab," he lacks authority to act on behalf of GeLab and is not authorized by Zhuhai to use the Artwork.

36.     Upon information and belief, on the direction of Defendant Chen, Plaintiff Huang knowingly provided incorrect information regarding the authorship and ownership of the 2-D artwork titled "Nail poish."

37.     If the Register of Copyright had been aware of the inaccurate information in Plaintiff Huang's copyright application, the Register of Copyrights would have refused the registration.

38.     Therefore, under 17 U.S.C. § 411(b), Plaintiff Huang's certificate of registration is invalid and does not entitle him to bring a civil action for infringement.

WHEREFORE, Counterclaimant GeLab prays that the Court:

(1) Issue declaratory judgment that Plaintiff Huang knowingly provided incorrect information on his application for copyright regarding the authorship and ownership of the 2-D artwork titled "Nail poish" that is subject of Copyright Registration VA 2-255-0138;

(2) Pursuant to 17 U.S.C. § 411(b)(2), "request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration" if this inaccuracy would have resulted in the application's refusal;

(3) Upon the Register of Copyrights' confirmation, issue declaratory judgment that Registration VA 2-255-0138 is invalid and that the true owner of the copyright interests in the Artwork is Zhuhai Abgel Cosmetics Co., Ltd.

## COUNTERCLAIM COUNT II
### Attorneys' Fees and Costs

39.     Counterclaimant GeLab realleges paragraphs 1-39 above.

40.     17 U.S.C. § 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs."

41.     Under Seventh Circuit law, a defendant prevailing in an infringement suit is entitled to a "very strong" presumption in favor of receiving attorneys' fees and costs. *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013).

42.     The fact that a copyright applicant has "deliberately lied" to the Copyright Office lends additional support to an award of attorneys' fees and costs in favor of a prevailing defendant. *Id.* at 626.

43.     Plaintiff Huang deliberately lied to the Copyright Office regarding the authorship and ownership of the artwork subject of Copyright Registration VA 2-255-0138.

WHEREFORE, Counterclaimant GeLab prays that the Court grant attorneys' fees and costs in favor of Counterclaimant GeLab and against Plaintiff Huang.


Date:  July 27, 2022                                        Respectfully Submitted,

By: /s/Yilun Hu

*Attorney for Defendant GeLab Cosmetics LLC*
IL Bar No: 6337682
HUANG & HU PC
77 W Washington St STE 800,
Chicago, IL 60602
Tel: 312-782-2090
Email: yhu@huang-hu.com

## CERTIFICATE OF SERVICE

I certify that on July 27, 2022, the foregoing document was served upon all parties via the

Court's CM/ECF Document Filing System.

/s/Yilun Hu

Yilun Hu
Attorney for Defendant, GeLab Cosmetics LLC