IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEATO HUANG, | |
| Plaintiff, | |
| v. | |
| GELAB COSMETICS LLC, SHIJIAN LI, XINGWANG CHEN, and BEETLES GEL POLISH, an Amazon online store, | |
| Defendants. | Case No. 22 C 2928 |
| SHIJIAN LI and GELAB COSMETICS LLC, | Jeffrey T. Gilbert<br>United States Magistrate Judge |
| Counterclaimants, | |
| v. | |
| DETAO HUANG, | |
| Counter-Defendant, | |
| SHIJIAN LI | |
| Cross-Claimant, | |
| v. | |
| XINGWANG CHEN, | |
| Cross-Defendant. | |

**MEMORANDUM ORDER**

This matter is before the Court on Cross-Defendant's Xingwang Chen's Motion to Stay Discovery [ECF No. 68]. For the reasons discussed below, the Motion to Stay Discovery [ECF No. 68] is granted in part and denied in part.

**BACKGROUND FACTS**

The underlying dispute in this case involves the validity of a copyright for a piece of Beetles artwork ("Artwork") used on nail polish products sold on Amazon. Plaintiff Detao Huang ("Huang") alleges that he created, owns, and registered a copyright for the Artwork and that Defendants Shijian Li ("Li") and GeLab Cosmetics LLC ("GeLab") are using the Artwork without his authorization. Huang filed this lawsuit alleging that Li, GeLab, and Xingwang Chen ("Chen") infringed his copyright by selling Beetles Gel Polish products featuring his Artwork . Complaint [ECF No. 1], at ¶¶ 2, 9, 12, 17, 22, 23. Huang voluntarily dismissed his claims against Chen. *See* [ECF No. 30]. But Chen remains in the case as a Cross-Defendant on a crossclaim filed by Li.

Li and GeLab dispute Huang's copyright and have filed counterclaims against Huang for a declaratory judgment of invalidity of copyright and fraud on the copyright office, and for attorneys' fees and costs under 17 U.S.C. § 505. Answer, Counterclaims, and Crossclaims [ECF Nos. 19, 20]. Li also filed a crossclaim against Chen for attorneys' fees and costs against him pursuant to 17 U.S.C. § 505. Answer, Counterclaims, and Crossclaims [ECF Nos. 19, 20]. Li and GeLab contend that Huang and Chen colluded with each other to bring what they contend is a meritless copyright

2

infringement action and both are liable for those Defendants' attorneys' fees and costs incurred in defending the case.

In support of both the counterclaims and crossclaim, Li and GeLab allege that Huang did not author nor does he own the disputed Artwork, and that he improperly registered a copyright for the Artwork and brought this meritless infringement suit at the direction of Chen. *See* [ECF Nos. 19, 20], at ¶¶ 7-29. Li and GeLab allege that Chen directed Huang to file this lawsuit to further Chen's interests in litigation he initiated in New Jersey state court (the "New Jersey Litigation") over the ownership of GeLab, and as part of his scheme to seize GeLab's profits through Huang's copyright claim in the event that Chen does not prevail in the New Jersey Litigation. [ECF Nos. 19 and 20], at ¶ 29. Li and GeLab argue that Chen's relationship with Huang is central to their defense of this case.

On October 11, 2022, Chen moved to dismiss Li's crossclaim, arguing that the Court cannot exercise personal jurisdiction over him because he lacks sufficient contacts with the state of Illinois and that service of process on his New Jersey-based counsel was insufficient as it did not comply with the Hague Convention on Service of Process. Motion to Dismiss [ECF No. 41] at 1, 4, 5. In response, Li argues that the Court does have personal jurisdiction over Chen because Li's allegations, as well as the substantial evidence set forth in Li's and GeLab's Motion for Summary Judgment [ECF No. 46], support the conclusion that Chen purposefully directed his activities at the forum state by causing Huang to file this lawsuit. Chen's motion to dismiss is fully briefed and awaiting decision by the District Judge. *See* [ECF Nos. 41, 47, 50].

3

Chen also filed a Motion to Stay Discovery [ECF No. 68] pending a decision on his motion to dismiss Li's crossclaim against him. The Court denied Chen's initial request for, which was made in a status report [ECF No. 62], that he be excused from participating in discovery while his motion to dismiss is pending. *See* [ECF No. 65]. During a subsequent status hearing, Chen asked to brief his request to stay discovery, and the Court set a briefing schedule. [ECF No. 66]. Chen's motion to stay is fully briefed and ripe for decision. *See* [ECF Nos. 68, 73, 74].

## ANALYSIS

District courts have broad discretion in managing discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In accordance with Federal Rule of Civil Procedure 26, a court may, for good cause, limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1); *see Crawford-El*, 523 U.S. at 599. The mere filing of a motion to dismiss does not automatically stay discovery. *SK Hand Tool Corp. v. Dresser Indus.*, 852 F.2d 936, 945 (7th Cir. 1988). It is the movant's burden to show that good cause exists for a stay. *Harper v. Cent. Wire*, Inc., 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020). In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for

4

the parties or the court. *Id.*; *Liggins v. Reicks,* 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021).

Chen argues that all discovery against him and by him should be stayed pending resolution of his motion to dismiss. Chen argues it is unfair to subject him to burdensome and expensive discovery because he has moved to dismiss the only claim presently pending against him for lack of personal jurisdiction. If that motion is granted, Chen argues, then his discovery obligations will be significantly reduced, and he will not have to expend resources defending himself against Li's crossclaim. Motion to Stay [ECF No. 68], at 6-7; Reply [ECF No. 74], at 4.

The Court finds that Chen has not shown good cause to stay discovery directed to him as a party in this case while his motion to dismiss is pending. Even if Chen is successful on his motion to dismiss for lack of personal jurisdiction, based on the facts alleged in Li's and GeLab's counterclaims against Huang, Chen still might be subject to discovery in this case as a third party. Chen may believe the parties will not be able to obtain discovery from him as a third party if his motion to dismiss is granted, but that has yet to be determined. Staying discovery against Chen now also will unnecessarily delay discovery, including depositions, by and between Huang, Li, and GeLab because Li and GeLab say discovery from Chen is relevant to their claims not only against Chen but also against Huang. In the Court's view, a stay of discovery now will not significantly simplify the issues in this case; nor will it substantially reduce the burden of litigation for the parties or the Court. Consistent with the

5

Court's broad discretion to manage discovery, judicial economy best will be served by continuing to move this case forward through discovery.

Further, as of the date Chen filed his motion to stay discovery on February 15, 2023 [ECF No. 68], no discovery had been served by any party in this case. *See* Joint Status Report filed January 26, 2023 [ECF No. 62], at 4 ("The parties have not yet engaged in any discovery."). The Court entered a scheduling order on February 1, 2023, that called for written discovery to be served by March 10, 2023, and for fact discovery to close on November 4, 2023. [ECF No. 65]. Therefore, as of now, Chen's argument that he will face overly burdensome and expensive discovery from Li and GeLab lacks specifics or support in the record, and it is wholly speculative. Speculation concerning the potential burden Chen will face if discovery is not stayed is insufficient to support a finding of good cause to stay discovery in its entirety at this time.

The Court can calibrate any discovery directed to Chen so that it encompasses only matters that are relevant to a claim or defense in this case, is proportional to the needs of this case, and is not overly burdensome on Chen within the meaning of Federal Rule of Civil Procedure 26(b)(1). The Court, however, can (and should) make those decisions only after Chen has been served with discovery by other parties to this case, and they have had a chance to meet and confer pursuant to Local Rule 37.2 about those discovery requests. An order today staying discovery against Chen would not be informed by the nature and scope of what the other parties are seeking from Chen or the burden on him to respond.

6

The Court, however, agrees with Chen in part and finds that it is reasonable to pause any requirement that Chen serve his own discovery on Li's crossclaim for attorneys' fees and costs pending resolution of Chen's motion to dismiss. If Chen's motion to dismiss is granted, he will no longer be a party to this case and will have no obligation to serve any discovery on Li or GeLab to defend himself. It also appears that staying Chen's obligation to serve discovery will not delay the progress of the case as between Huang, Li, and GeLab either before or after Chen's motion to dismiss is decided. Therefore, the Court will not require Chen to serve discovery of his own while his motion to dismiss is pending. He is required only to respond to discovery requests served upon him by other parties at this juncture.

## CONCLUSION

For these reasons, Chen's Motion to Stay Discovery [68] is granted in part and denied in part.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 3, 2023