THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETAO HUANG,<br><br>Plaintiff,<br><br>v.<br><br>GELAB COSMETICS, LLC, SHIJIAN LI, and BEETLES GEL POLISH,<br><br>Defendants. | Case No. 22-cv-2928<br><br>Judge April M. Perry |
| SHIJIAN LI and GELAB COSMETICS, LLC,<br><br>Counter-Claimants,<br><br>v.<br><br>DETAO HUANG,<br><br>Counter-Defendant. | |
| SHIJIAN LI,<br><br>Cross-Claimant,<br><br>v.<br><br>XINGWANG CHEN,<br><br>Cross-Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendant GeLab Cosmetics LLC's ("GeLab") motion for leave to amend its Answer and Affirmative Defenses to Complaint and Counterclaim [158]. For the reasons stated herein, GeLab's motion is granted.

District courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow

amendment unless there is a good reason – futility, undue delay, undue prejudice, or bad faith – for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Standing alone, delay is not typically a reason to deny a motion for leave to amend; rather "[d]elay must be coupled with some other reason" such as prejudice to the non-moving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

GeLab's ownership is best described as "it's complicated," to the point that Defendant/Counter-Claimant/Cross-Claimant Shijian Li ("Li") and Cross-Defendant Xingwang Chen ("Chen") are currently litigating in a New Jersey court about who holds what percentage interest in GeLab and who has the right to make decisions on GeLab's behalf. The parties agree that the New Jersey court determined on June 27, 2024 that Chen was entitled to select counsel in this federal case. Doc. 164 at 5. New counsel has now appeared and argues on behalf of GeLab that GeLab's original pleading was filed by an attorney acting at the direction of Li, that such attorney did not consult or seek approval from Chen prior to filing any of the pleadings in this case, and that the pleadings that were submitted contained false statements and did not raise appropriate defenses. Doc. 158 at 2. Li takes issue with these assertions, claims Chen is trying to protect his own interests rather than GeLab's, and points out that the issue of ownership is still being hashed out in the New Jersey case. Doc. 164. Meanwhile, Plaintiff also objects to the proposed amendment, arguing that Plaintiff would be prejudiced if the amendment were allowed because discovery closes in February after having proceeded for the better part of two years. Doc. 165.

The Court finds that it is in the interests of justice pursuant to Federal Rule of Civil Procedure 15(a)(2) to allow the amendment in this case. GeLab is a corporate entity, represented by an attorney who has averred that GeLab's original Answer and Affirmative Defenses contained "misstatements of fact and law." Doc. 158 at 2. It is not in the best interests of justice to allow false pleadings to stand. This Court relies upon counsel for a corporate entity to conduct an investigation as to what is in the corporation's best interests and to act at all times in the best interest of the client. *See* Illinois Supreme Court Rule of Professional Conduct 1.13 ("A lawyer employed or retained by an organization represents the organization…If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action…that is a violation of a legal obligation to the organization…then the lawyer shall proceed as is reasonably necessary in the best interest of the organization"). To the extent that counsel represents two clients in the same litigation, the Illinois Supreme Court Rules of Professional Conduct require that counsel be aware of the potential for conflicts of interest and not continue the representation if conflicts exist. *See* Illinois Supreme Court Rule of Professional Conduct 1.7. In short: the Court trusts that though the same counsel is representing GeLab and Chen, counsel's representations to this Court that its amendments are in the best interest of GeLab (not Chen) are truthful. Because of this, the Court gives little weight to Li's opinions about what is in GeLab's best interests, complaints that Li was not consulted about the changes to the pleadings, or theories that this entire lawsuit is part of a "scheme" between Chen and Plaintiff. Doc. 164 at 3. Nor does the Court believe it is appropriate for the Court to delve into the drama that is the New Jersey litigation and opine about whether Li owns 10% or 40% of

GeLab, whether Li's ownership plus non-party Zhuhai's ownership would result in 90% ownership, and what hypothetical future counsel in this case would do if the New Jersey action were to be resolved in favor of Li and Zhuhai. The Court must take the facts as they currently exist, not dwell on hypotheticals that may never come to be. And the most salient facts are that this case has been pending since 2022, the New Jersey court has determined that Chen – not Li – is the appropriate individual to hire counsel for this case, and no trial has been scheduled in the New Jersey action leaving any final resolution of that matter months (if not years, pending appeal) away.

The Court finds Plaintiff's objections to the amendment more compelling.[1] Specifically, Plaintiff argues that none of the discovery in this case involved the implied license counterclaim GeLab now seeks to assert. Doc. 165 at 2. With discovery set to close in February, Plaintiff argues that it would substantially prejudice Plaintiff to add the time and expense to now conduct discovery on that issue. *Id.* at 3. Plaintiff also argues GeLab should have been aware of this potential defense more than two years ago when it filed its answer and argues there is no justification for the delay. *Id.*

While sympathetic to Plaintiff's arguments, the Court still concludes that the amendment should be allowed. Discovery is still open, there is no dispositive motion briefing deadline, and no trial date has been set. While the implied license theory was not previously asserted as a defense it can hardly be said to drive the proceedings in a wholly new direction given that Plaintiff pled a lack of a license in the complaint. Doc. 1 ¶ 16. Therefore, while Plaintiff will be inconvenienced, the Court does not consider this to constitute "substantial prejudice." Moreover, while the Court appreciates Plaintiff's frustration with the delay, given the unusual nature of the parallel proceedings over control of GeLab and new counsel's appointment a few months ago, the Court cannot consider the delay unjustified.

For all of these reasons, GeLab's motion [158] is granted.

Dated: 1/2/2025

*April M Perry*
United States District Judge

---

[1] The Court also notes that Plaintiff's objections cast even more doubt upon Li's assertions that Plaintiff and Chen are engaged in a scheme together.