IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETAO HUANG, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-02928 |
| ) | |
| GELAB COSMETICS LLC, a New Jersey ) | Judge April M. Perry |
| Limited Liability Company; SHIJIAN LI, an ) | |
| individual; XINGWANG CHEN, an ) | Magistrate Judge Jeffrey T. Gilbert |
| individual; and BEETLES GEL POLISH, an ) | |
| Amazon online store, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GELAB COSMETICS LLC'S AMENDED RESPONSE TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT AND GELAB COSMETICS LLC'S AMENDED COUNTERCLAIMS**

Defendant GeLab Cosmetics LLC ("GeLab" or "Defendant GeLab"), by and through its attorneys, Peckar & Abramson, P.C., hereby responds to Plaintiff's Complaint for Copyright Infringement (the "Complaint") as follows:

1. *This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's intellectual property rights by offering for sale and or selling unauthorized products, including cosmetic products bearing works and designs that are derived from Plaintiff's copyrighted artwork.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

2. *Defendant Gelab Cosmetics LLC (hereafter referred to as the "Gelab") and its members SHIJIAN LI and XINGWANG CHEN (hereafter referred to as the "Member" or "Members") creates a website and a fully interactive, commercial internet store named BEETLES GEL POLISH (hereafter referred to as the "online store" or "Beetles") under an online marketplace account and designs them to appear to be offering for sale and/or selling unauthorized and infringing products to unknowing consumers and the general public. The Gelab, Members, and Beetles are collectively referred to as the "Defendants" hereafter. Plaintiff and Defendants are collectively referred to as the "Parties" hereafter.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except (i) admits that Defendant Shijian Li ("Defendant Li") and Defendant Xingwang Chen ("Defendant Chen") are the members of GeLab, and (ii) that GeLab established an [Amazon.com](Amazon.com) store named "Beetles Gel Polish" as weel as an Amazon.uk store named "Beetles Gel Polish". Answering further, GeLab states that (iii) Defendant "Beetles Gel Polish, an Amazon online store" is not a separate legal entity and is therefore not a proper defendant; (iv) GeLab created a sales website at [www.beetlesgel.com;](www.beetlesgel.com) and (v) that GeLab controls and properly operates its Amazon stores and the website [www.beetlesgel.com](www.beetlesgel.com). The last sentence of this paragraph states Plaintiff's definitions, which requires no response.

3. *Defendants refuses to stop using the copyrighted artwork without Plaintiff's authorization. Plaintiff is forced to file this action to fight Defendant's unlawful use of Plaintiff's copyrighted artwork.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

4. *Plaintiff has been and continues to be harmed through the copyright infringements as the direct result of Defendants' unlawful actions and therefore seeks injunctive and monetary relief from this Court.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except admits that Plaintiff seeks injunctive and monetary relief in his Complaint.

5. *This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.*

**RESPONSE**: Admitted.

6. *This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b).*

**RESPONSE**: Admitted.

7. *Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Defendant directly targets customers in the United States by establishing and operating an Amazon online store and a website. Particularly, through this store and the website Defendants are reaching out to Illinois residents to sell products bearing infringing versions of Plaintiff's copyrighted work, receive payment electronically, and offer shipping the infringing products. As a*

*result, Defendants' infringing offenses have wrongfully caused Plaintiff's substantial damage in the State of Illinois.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except admits that, (i) venue is proper in this Court; (ii) GeLab established and operated an online [Amazon.com](Amazon.com) "store" and a website that offered to sell and ship products to customers in the United States and in Illinois, and to receive payment electronically; and (iii) GeLab presently operates Amazon online stores and a website at [www.beetlesgel.com](www.beetlesgel.com) .

8. *This Court has personal jurisdiction over Defendants because Defendants have conducted significant business in this judicial district of Illinois and the events giving rise to this lawsuit were undertaken in this judicial district of Illinois.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except admits that the Court has personal jurisdiction over GeLab and Defendant Li. .

9. *Plaintiff is an artist and has resided in China. Plaintiff created the unique two-dimensional Nail Poish [sic] artwork (hereafter referred to as the "artwork" or "copyrighted artwork") in 2017 and published it the same year through a popular social media platform in China.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, excepts (i) lacks knowledge sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff is an artist, and (ii) admits that Plaintiff has resided in China.

10. *Upon information and belief, on or about the date when the artwork was created Defendants Members had connected with Plaintiff on the social media platform either directly or by people who knew both Plaintiff and the Members.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

11. *Upon information and belief, at least one Member has an address in China.*

**RESPONSE**: Admitted.

12. *Upon information and belief, the Members established Gelab in the State of New Jersey on or about July 5, 2017, which has conducted business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of Beetles, a fully interactive and commercial online store at [amazon.com](amazon.com). On or about August 1, 2018 Defendants target the United States, including Illinois and this Judicial District, and have offered to sell and, on information and belief, have sold and continue to sell cosmetic products infringing Plaintiff's*

*copyright to consumers within the United States, including the State of Illinois and this Judicial District.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, except (i) admits that Annie Cosmetics, LLC was established in New Jersey on or about July 5, 2017 and later changed its name to GeLab; (ii) that GeLab or its predecessor entities have sold cosmetic products throughout the United States, including through [Amazon.com](Amazon.com), both before and after August 1, 2018; and (iii) lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation concerning a "fully interactive and commercial online store," as such terms are vague and undefined.

13. *Plaintiff conducts design and plan business for E-commerce vendors and has developed and owned the artwork. A true and correct copy of the certified artwork is attached hereto as Exhibit 1.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except (i) lacks knowledge sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff "conducts design and plan business for E-commerce vendors," and (ii) admits that Exhibit 1 to the Complaint appears to be a certification from the Office of Copyright Records that the Artwork is deposited in the Copyright Office with a claim of copyright under number VA 2-255-138.

14. *The artwork constitutes original work and copyrightable subject matter.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except (i) admits that the artwork could constitute original work and copyrightable subject matter with regard to its creator, and (ii) denies the implication that Plaintiff created the Artwork or was entitled to register its copyright.

15. *Plaintiff applied for copyright registration for the artwork from the United States Copyright Office, which granted Registration VA 2-255-0138 effective on February 18, 2021. A true and correct copy of the registration is attached hereto as Exhibit 2.*

| Registration # | Work | Title of Work |
|---|---|---|
| VA 2-255-138 | | Nail poish |

**RESPONSE**: Defendant GeLab lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, except admits that Exhibit 2 appears to show a copy of a Certification of Registration from the United States Copyright Office issued to an individual named Detao Huang.

*16.     Plaintiff has neither authorized Defendants to reproduce, adapt, or distribute the copyrighted artwork nor licensed or assigned the artwork to Defendants.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*17.     Without Plaintiff's authorization, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works and designs incorporating the artwork on Defendants' online store and their cosmetic products. Defendants' derivative works and designs are virtually identical to the copyright artwork. A true and correct copy of Defendants' Amazon webpages featuring its products bearing the infringing designs is attached hereto as Exhibit 3.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, including the implication that Defendant GeLab has or had any obligation to seek authorization from Plaintiff to use the Artwork, except GeLab admits that Exhibit 3 appears to be a true and correct copy of the Amazon webpage that is operated by GeLab.

*18.     Defendants have directly targeted business activities toward consumers in the United States, including Illinois and this district, through their Amazon online store. Specifically, Defendants have targeted sales to residents in Illinois and this district through the Amazon online store that sells and ships their cosmetic products featuring infringing works and designs to these residents. A true and correct copy of Defendants' infringing cosmetic products sold to Illinois residents is attached hereto as Exhibit 4.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, except (i) admits that GeLab has sold cosmetic products throughout the United States, including through Amazon.com, and (ii) admits that Exhibit 4 appears to be a photograph of a product that appears to be similar to those that have been sold by GeLab.

19. *Plaintiff is informed and believes and thereon alleges that Defendants, had access to the artwork, including without limitation, through: (a) access to Plaintiff's website, social media, or publication platform; (b) access to authorized or unauthorized reproductions in the possession of others; and/or (c) access to Plaintiff's samples.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph to the extent that it is alleged that Defendant GeLab had unauthorized access to the artwork or otherwise engaged in acts of copyright infringement.

20. *Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed cosmetic products featuring a design identical to the artwork.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, including the implication that GeLab has or had any obligation to seek authorization from Plaintiff to sell, market, advertise, manufacture, cause to be manufacture, import and/or distribute products featuring the Artwork, except admits that GeLab has sold cosmetic products throughout the United States featuring a design that it was authorized to use that is substantially similar to the Artwork..

21. *Plaintiff is informed and believes and thereon alleges that Defendants owned and controlled the online Amazon store and Defendants' cosmetic products bearing the infringing design have been manufactured, imported to the United States, and offered for sale under the direction of Defendants.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph, except (i) admits that GeLab established and operated an Amazon.com and Amazon.uk store, and (ii) that products

featuring a design that appears to be substantially similar to the Artwork have been offered for sale by GeLab, with authorization from Plaintiff.

*22. None of the aforementioned transactions has been authorized by Plaintiff, and all have been in violation of Plaintiff's copyright.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph.

*23. Plaintiff has demanded Defendants to stop the infringements immediately, but to no avail.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph.

## COUNT I
## COPYRIGHT INFRINGEMENT

*24. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.*

**RESPONSE**: Defendant GeLab repeats and incorporates by reference its responses to paragraphs 1 through 23.

*25. At all relevant times, Plaintiff has been the owner and claimant of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted artwork and its derivative works. The artwork is the subject of valid Certificate of Registration issued by the United States Copyright Office.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, except admits that the Exhibits 1 and 2 to the Complaint appear to show that an individual named Detao Huang was granted a Certificate of Registration by the United States Copyright Office.

*26. Plaintiff is informed and believes and thereon alleges that Defendants, accessed the artwork through, without limitation, the following: (a) access to Plaintiff's website, social media, or publication platform; (b) access to authorized or unauthorized reproductions in the possession of others; and/or (c) access to Plaintiff's samples.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph.

*27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the copyrighted artwork and*

*by importing, producing, distributing and/or selling infringing cosmetic products featuring the copyrighted artwork as alleged herein above.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph.

28. *Defendant, without Plaintiff's permission and consent, has sold and continues to sell through its online store infringing cosmetic products featuring the copyrighted artwork as alleged herein above. Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution on the copyrighted artwork. Defendant's actions constitute infringement of Plaintiffs' exclusive rights protected under the Copyright Act.*

**RESPONSE**: Defendant GeLab denies the allegations in this paragraph, except (i) admits that GeLab has sold products in the past, and that its Amazon stores and [www.beetlesgel.com](www.beetlesgel.com) website are presently selling, cosmetic products throughout the United States featuring a design that appears to be substantially similar to the Artwork, and (ii) affirmatively states that GeLab is authorized to use that design, by Plaintiff..

29. *Due to Defendant's acts of infringement, Plaintiff has suffered substantial damages and lost profits to its business.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

30. *Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for its infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

31. *Plaintiff is informed and believes and thereon alleges that Defendant, has committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

*32. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.*

**RESPONSE**: Defendant GeLab repeats and incorporates by reference its responses to paragraphs 1-23 of the Complaint.

*33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or sales of cosmetic products featuring the copyrighted artwork as alleged herein above.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had right and ability to supervise the infringing conduct and had a direct financial interest in the infringing products.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*35. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages and profit loss to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*36. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

*38. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23 of this Complaint.*

**RESPONSE**: Defendant GeLab repeats and incorporates by reference its responses to Paragraphs 1 through 23.

*39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of cosmetic products featuring the copyright artwork as alleged herein above.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*40. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages and profit loss to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*41. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the copyrighted artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted artwork, an amount to be established at trial.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.*

**RESPONSE**: Defendant GeLab denies the allegations of this paragraph.

*Prayer for Relief*

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) *That Defendants, their agents, servants, employees, officers, attorneys, affiliates, and all persons acting for, with, by, through, or under them be enjoined from infringing Plaintiff's copyright in any manner;*

2) *That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper under the Copyright Act, 17 U.S.C. § 101 et seq.;*

3) *That Plaintiff be awarded reasonable attorney's fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;*

4) *That Plaintiff be awarded costs of litigation; and*

5) *That Plaintiff be awarded for any other and further relief as this Court deems just and proper.*

**RESPONSE**: Defendant GeLab admits that Plaintiff seeks the relief stated in this paragraph but denies that Plaintiff is entitled to such relief.

## **AFFIRMATIVE AND OTHER DEFENSES AS TO ALL CLAIMS**

1. Plaintiff's claims are barred because GeLab has a lawful express or implied license to use the Artwork that comprises the work Plaintiff alleges GeLab is infringing.

2. Plaintiff's claims are barred by operation of estoppel for, among other reasons, Plaintiff's actions and omissions prove that it did not exercise ownership, dominion, or control over the copyright despite knowledge of GeLab's use.

3. Plaintiff's claims are barred by operation of estoppel because even if Plaintiff can establish ownership of a valid copyright, Plaintiff's actions and omissions caused GeLab to reasonably believe that its actions were not infringing.

4. Plaintiff's claims are barred under the doctrines of abandonment, forfeiture, and/or waiver because, among other reasons, Plaintiff's nonuse and surrender of his rights, if any, in the copyright.

5. Plaintiff's claims are barred by the Copyright Act's statute of frauds because Plaintiff's claimed ownership rights in the copyright via transfer was, upon information and belief, never memorialized in a document signed by the transferor.

WHEREFORE, Defendant GeLab Cosmetics LLC prays for judgment in its favor on all counts, for attorneys' fees and costs herein, and for other and further relief as is just and proper.

## COUNTERCLAIMS

Counterclaimant/Defendant, GeLab Cosmetics LLC, for its Counterclaim against Plaintiff, Detao Huang states as follows:

## JURISDICTION AND VENUE

1. GeLab brings its Counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. They are part of the same case and controversy as Plaintiff's claims brought pursuant to federal copyright law, and, therefore, are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court under 28 U.S.C. §1391(b) because Plaintiff has appeared in this district to file his Complaint, and this is the district where Plaintiff alleges a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

3. Plaintiff Detao Huang ("Plaintiff Huang") is, on information and belief, an individual residing in Guangzhou City, Guangdong Province, China.

4. Defendant Shijian Li is an individual residing in Short Hills, New Jersey, and a member of GeLab.

5. Defendant Xingwang Chen ("Defendant Chen") is an individual residing in Guangzhou City, Guangdong Province, China, and a member of GeLab.

6. GeLab is a limited liability company established under the laws of New Jersey. The members of GeLab are Defendant Chen and Defendant Li.

7. Non-party, Hong Kong Feng Heng Information Technology Co., Ltd. ("Fengheng"), is a legal entity formed in Hong Kong by Plaintiff, one of its beneficial owners.

**FACTS**

8. On or about February 18, 2021, Plaintiff Huang registered a copyright in the Artwork with the United States Copyright Office, in the form attached as Exhibit 2 to the Complaint.

9. The Artwork was originally created by Plaintiff through the efforts of a designing company hired by Plaintiff.

10. Subsequent to the creation of the Artwork, the designing company disclosed the Artwork to GeLab, while discussing the services available through the designing company. The Artwork did not bear a copyright symbol, and a check of available sources showed that the Artwork had no registered copyright. As noted above, Plaintiff is one of the beneficial owners of Non-party Fengheng.

11. Subsequent to the creation of the Artwork, and as part of the understanding between Plaintiff and GeLab, Fengheng entered into a written contract with GeLab by which Fengheng (and Plaintiff) have each benefited financially from the sale of the goods identified in the Complaint in this action, and wherein both Plaintiff and Fengheng have played a central role in the sale and distribution of goods which contained the copyrighted Artwork.

12. Fengheng, operated by Huang, has at all relevant times been a supplier of goods to GeLab which contained the Artwork.

13. At no point in time did Plaintiff object to the sale of goods by GeLab utilizing the Artwork; indeed, Plaintiff, through Fengheng, has participated in same, and materially benefitted from the sale of said goods through his beneficial ownership in Fengheng.

## **COUNTERCLAIM COUNT I**

### **Declaratory Judgment**

14. Counterclaimant GeLab realleges the preceding paragraphs above.

15. Plaintiff Huang alleges he is the owner of Copyright Registration VA 2-255-0138 for 2-D artwork identified in the Complaint, effective February 18, 2021 (hereinafter "the Artwork").

16. The copy of Certificate of Registration VA 2-255-0138 attached to Plaintiff's Complaint states that Huang Detao is the author of the Artwork.

17. The Artwork was created by a designing company at the request of Plaintiff, which was subsequently provided to GeLab.

18. Subsequently, Plaintiff learned of the use of the Artwork by GeLab, and made no objection to the use of the Artwork in the sale of goods by GeLab, despite Plaintiff's knowledge of same.

19. Plaintiff, through his beneficial ownership in Fengheng, participated in the sale of goods by GeLab by causing Fengheng to supply goods to GeLab, knowing that said goods were being sold with the Artwork, and making no objection to same.

20. The circumstances identified above reflect that Plaintiff granted an express and/or implied license to GeLab to utilize the Artwork.

WHEREFORE, Counterclaimant GeLab prays that the Court:

(1) Issue a declaratory judgment that Plaintiff Huang, by his actions, granted an express and/or implied license to GeLab to use the Artwork in the sale of goods.

Date: January 3, 2025

                Respectfully Submitted,

                By: /s/*Kevin J. O'Connor*

                Edward O. Pacer, #6198959
                Peckar & Abramson, P.C.
                30 N. LaSalle Street, Suite 4126
                Chicago, IL 60602
                Tel: 312.881.6301
                Email: epacer@pecklaw.com

                Kevin J. O'Connor. #018451995
                Peckar & Abramson, P.C.
                70 Grand Avenue
                River Edge, NJ 07661
                Tel: 201.343.3434
                Email: koconnor@pecklaw.com
                *Attorneys for Defendant GeLab Cosmetics, LLC*

# **CERTIFICATE OF SERVICE**

I certify that on January 3, 2025, the foregoing document was served upon all parties via the Court's CM/ECF Document Filing System.

By: /s/*Kevin J. O'Connor*

Edward O. Pacer, #6198959
Peckar & Abramson, P.C.
30 N. LaSalle Street, Suite 4126
Chicago, IL 60602
Tel: 312.881.6301
Email:  epacer@pecklaw.com

Kevin J. O'Connor. #018451995
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661
Tel: 201.343.3434
Email:  koconnor@pecklaw.com
*Attorneys for Defendant GeLab Cosmetics, LLC*

465720/#5557813v1